IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACKIE (JACK) RAKES,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civ. No. 07-CV-0059-TC

ORDER AND OPINION

Coffin, Magistrate Judge:

    Plaintiff, Jackie Rakes, seeks review of a final decision of the Commissioner denying his application for Social Security disability and Supplemental Security Income disability benefits. Before the court is plaintiff's brief (#16). For the reasons that follow, the decision of the Commissioner is reversed and the matter remanded for further proceedings.

### Background

    Plaintiff applied for SSI and DIB benefits, citing a number of mental and physical complaints. His claim was denied

1 Opinion and Order

initially and upon reconsideration. The record reveals a collection of evidence from plaintiff's associates, physicians, and lay witnesses concerning his various physical and mental limitations.

The ALJ concluded that although plaintiff suffered severe impairments (degenerative joint disease of the left knee and personality disorder), his combination of impairments did not meet or equal the requirements of a listed impairment and he was able to perform work existing in significant numbers in the national economy. Tr. 20.

## Discussion

Plaintiff asserts a number of grounds for reversal. Because the court reverses on the first two asserted grounds, which may affect the determination of plaintiff's impairment upon remand (and determinations at subsequent steps of the sequential evaluation process upon remand) the court does not address plaintiff's subsequent arguments, which concern findings at steps 4 and 5.

Plaintiff first asserts that the ALJ erred in rejecting lay witness testimony and a written statement from a lay witness about plaintiff's limitations. Specifically, plaintiff argues that the ALJ impermissibly rejected the written statements of (1) Loretta Herron, plaintiff's daughter-in-law, (2) Thomas Sanford, and (3) John Herron; and the hearing testimony of Dave Ross, plaintiff's housemate and former boss.

Ms. Herron's witness statement indicates that she had seen plaintiff once or twice per week over the last year or two. Tr.

2 Opinion and Order

309. She described him as experiencing marked problems with the activities or daily living and explained that plaintiff's wife grooms him, cleans the house, and does the shopping and cooking. Tr. 309-33. She further stated that he had marked problems with social functioning, and explained that he "takes time to express feelings of endearment." Tr. 310. She described moderate problems with concentration, persistence, or pace, noting that plaintiff "has trouble staying focused." Tr. 311. She also stated that plaintiff suffered a moderate level of episodes of decompensation, and that he "loses motivation and concentration easily." Tr. 312. According to Ms. Herron, plaintiff's back and leg pain require him to shift more than once every two hours, Tr. 315, and his arm and leg pain disrupt his walking and standing more than half the time. Tr. 315.

Mr. Sanford's statement described plaintiff's reduced concentration, volatile moods, leg and arm pain, and low motivation. Tr. 296-97, 300. Mr. Herron's statement described plaintiff as depressed, easily angered and distracted, always changing his mind, suffering leg and arm difficulty, always appearing to be in pain, and ignoring his safety due to pain. Tr. 326-27, 300, 336-38.

Mr. Ross testified that plaintiff tired easily, suffered a 50 percent reduction in his speed and pace, took weekly absences when working, was limited to walking a block at a time, got "worn out easily," rubbed his arm, leg, and knee in response to discomfort, and dropped items from his hands. Tr. 631-36.

The ALJ noted the existence of Mr. Ross's testimony but made no mention of the statements of Mr. Herron or Mr. Sanford. The

3 Opinion and Order

ALJ explained that he rejected the lay witness evidence because the "medical records simply fail to support such." He added that he rejected Ms. Herron's statement because

> she is simply reporting her observations of the behaviors the claimant demonstrates. She is not knowledgeable in the medical and/or vocational fields and thus is unable to rendered [sic] an opinion on how the claimant's mental and physical impairments impact his overall abilities to perform basic work activities at various exertional levels.

Tr. 22.

An ALJ must give reasons germane to each lay witness whose testimony the ALJ rejects. Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). When the ALJ fails to do so, the error is harmless only when no reasonable ALJ, when crediting the impermissibly rejected testimony, could have reached a different disability determination. Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006).

Regarding Ms. Herron's statement, I find that the ALJ erred in rejecting it on the basis that the witness was not a medical or vocational expert. As plaintiff explains, upholding such a rationale would obviate the role of lay witnesses in any proceeding concerning an appeal from a denial of social security benefits, and as such, it is contrary to law. I add that the Commissioner's attempt to persuade the court to understand the ALJ's statement to express an entirely different rationale – that Ms. Herron's statements were inconsistent with the medical evidence – is unavailing and does not assist the court.

I find that the ALJ did not put forth a permissible basis for rejecting Mr. Ross's testimony. The ALJ's determination that

4 Opinion and Order

"medical records simply fail to support" Mr. Ross's testimony reflects a misunderstanding of the applicable law. Although an ALJ may reject lay witness testimony that <u>conflicts</u> with medical evidence, see <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001), an ALJ must "consider the testimony of lay witnesses where the claimant's alleged symptoms are unsupported by [his] medical records," <u>Smolen</u>, 80 F.3d at 1289. The ALJ therefore erred in failing to consider Mr. Ross's testimony due to lack of corroborating medical evidence.

Regarding the statements of Mr. Herron and Mr. Sanford, the Commissioner concedes that the ALJ erred in rejecting them without having stated a basis for doing so. The ALJ contends, however, that the error is harmless because all reasonable ALJs would agree that, once those statements were considered, the disability determination would remain the same. I disagree. In view of the frequency, variety, and severity of the symptoms reported in the statements of those lay witnesses, it is not beyond dispute that a different determination concerning RFC and, in turn, disability, could be reached.

Plaintiff next asserts that the ALJ erred by rejecting the opinions of a treating physician's assistant, Ericka Wilson, who examined plaintiff under the supervision of a physician. Wilson stated that plaintiff "[h]as been unable to work due to chronic and unremitting left knee pain and low back pain," noted that plaintiff awaited approval for further evaluation by a physician and concluded, "[u]ntil that time, [he] will continue to be unable to work." Tr. 401.

Under 20 C.F.R. § 416.913(d), the assessment of a

5 Opinion and Order

physician's assistant is among "other sources" that a claimant might employ to show the severity of an impairment or its effect on one's ability to work. The ALJ reported that he gave Wilson's opinion "little weight" because her "records are nothing more than a reiteration of the claimant's pain complaints with little objective evidence to support the severity of such." Tr. 21-22. An evaluation of Wilson's records indicates that those records contain objective, clinical evaluations of plaintiff based on examinations during multiple visits and diagnostic tests, not plaintiff's own subjective pain reports. Tr. 398-416. Because the ALJ's basis for rejecting Wilson's opinion does not comport with the record, it is not supported by substantial evidence.[1]

### Conclusion

The decision of the Commissioner is reversed and the matter remanded for further proceedings.

IT IS SO ORDERED.

Dated this ___ day of February, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

[1] The Commissioner provides a number of post hoc bases for according "little weight" to Wilson's statement. Because I review the ALJ's determination according to his stated basis, I find the Commissioner's alternative arguments unavailing. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (reviewing court evaluates the propriety of an administrative agency's determination "solely by the grounds invoked by that agency").

6 Opinion and Order